IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>                Plaintiff,<br><br>vs.<br><br>RECORDS DEPARTMENT OF HEALTH & HUMAN SERVICES, THRESA LAST NAME UNKNOWN, TIA ANDERSON, VITAL RECORDS OF NEBRASKA, BRYAN WEST HOSPITAL ADULT PSYCHIATRIC UNIT, DOCTOR SADIKI, and LASTING HOPE RECOVERY CENTER DOCTOR SHA, M.D.,<br><br>                Defendants. | 8:22CV235<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on three motions filed by Plaintiff Austin Edward Lightfeather.

**I. Motions for Leave to Proceed in Forma Pauperis**

First, Plaintiff filed a handwritten Motion for Leave to Proceed in Forma Pauperis ("IFP") on July 8, 2022, followed by a second IFP Motion filed on July 11, 2022, using the Form AO 240 Application to Proceed in District Court without Prepaying Fees or Costs. Filing No. 5; Filing No. 6. As stated in the Prison Litigation Reform Act ("PLRA"), a prisoner cannot

> bring a civil action . . . or proceeding [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

The Court has identified the following cases that were brought by Plaintiff and that were dismissed because they were frivolous and/or failed to state a claim upon which relief may be granted: *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Plaintiff failed to amend complaint); *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 12, 2021, after Plaintiff failed to amend complaint); *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 7, 2021, after Plaintiff failed to amend complaint); *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, May 24, 2021 Memorandum and Order and Judgment dismissing Plaintiff's second amended complaint for failure to state a claim and for being frivolous); *Lightfeather v. Beatrice Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 & 15, May 19, 2021 Memorandum and Order and Judgment dismissing Plaintiff's complaint as frivolous).

On the Court's own motion, Plaintiff is ordered to show cause within 30 days of this Court's Memorandum and Order why these cases should not be considered strikes against him per the terms of the PLRA, and why he is entitled to proceed in forma pauperis pursuant to 28 U.S.C. §1915(g). Alternatively, Plaintiff may pay the Court's $402.00 filing and administrative fees within 30 days.[1] In the absence of good cause

---

[1] The Court notes that, on July 12, 2022, Plaintiff filed what has been docketed as a "Notice of Consent," Filing No. 8, which essentially tells the Court that it may seek to collect payment of the filing fees Plaintiff owes from U.S. Bank and Trust, where Plaintiff alleges he has money available to pay court

shown, or the payment of the necessary fees, this matter will be dismissed without further notice.

## II. Motion for Discovery

On July 12, 2022, Plaintiff filed what the court has docketed as a Motion for Discovery. Filing No. 7. Plaintiff asks for records from the Lincoln Regional Center for an individual identified as "Kerry Last name unknown" in order that summons may be served upon the individual. *Id.* However, no discovery or service of process may take place in this case at this time.

Before this matter may proceed, the question of whether Plaintiff is permitted to proceed IFP must first be resolved. If this case proceeds, the Court is then required to review Plaintiff's Complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). No discovery may take place in this case unless the Court determines that this matter may proceed to service of process after conducting an initial review of the Complaint. Thus, Plaintiff's Motion for Discovery will be denied as premature.

IT IS THEREFORE ORDERED:

1. Plaintiff has 30 days from the date of this Memorandum and Order to show cause why the cases referenced above should not be considered strikes against him per the terms of the PLRA, and why he is entitled to proceed in forma pauperis

---

costs. However, under the PLRA, the Court collects payments from the institution in which Plaintiff is confined and does not have authority to collect payments from Plaintiff's personal financial accounts.

pursuant to 28 U.S.C. §1915(g). In the alternative, Plaintiff may pay the $402.00 filing and administrative fees within 30 days. In the absence of either action by Plaintiff, this matter will be dismissed without further notice.

2. The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **August 15, 2022**: deadline for Plaintiff to show cause or pay fees.

3. Plaintiff's Motion for Discovery, Filing No. 7, is denied as premature.

Dated this 15th day of July, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge