IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>RECORDS DEPARTMENT OF HEALTH & HUMAN SERVICES, THRESA LAST NAME UNKNOWN, TIA ANDERSON, VITAL RECORDS OF NEBRASKA, BRYAN WEST HOSPITAL ADULT PSYCHIATRIC UNIT, DOCTOR SADIKI, and LASTING HOPE RECOVERY CENTER DOCTOR SHA, M.D.,<br><br>Defendants. | 8:22CV235<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Austin Edward Lightfeather's correspondence at Filing No. 10, Filing No. 11, and Filing No. 13, which the Court construes as responses to the Court's July 15, 2022 Memorandum and Order (the "Order to Show Cause") requiring Lightfeather to show cause why he is entitled to proceed in forma pauperis ("IFP") in this action. *See* Filing No. 9. This Court has identified three or more federal court cases brought by Plaintiff, while a prisoner, that were dismissed as frivolous or for failure to state a claim. The cases identified were:

- *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Plaintiff failed to amend complaint);

- *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 12, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 7, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, Memorandum and Order and Judgment dismissing Plaintiff's second amended complaint on May 24, 2021, for failure to state a claim and for being frivolous);

- *Lightfeather v. Beatrice Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 & 15, Memorandum and Order and Judgment dismissing Plaintiff's complaint on May 19, 2021, as frivolous).

The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Lightfeather filed responses to the Court's Order to Show Cause on July 22, 2022, Filing No. 10, July 25, 2022, Filing No. 11,[1] and August 2, 2022, Filing No. 13.[2] In Filing No. 10, Lightfeather explains that his autism hinders his ability to think and act

---

[1] Filing No. 11 was docketed as a motion for leave to proceed in forma pauperis, but as it was filed after the Order to Show Cause was entered, the Court will also consider Filing No. 11 as a response.

[2] Lightfeather also filed a letter on July 28, 2022, Filing No. 12, informing the Court that Lightfeather requested that "the workers" send the Clerk of Court a check for the amount owed. The correspondence at Filing No. 12 does not address the Order to Show Cause and appears to be merely informational.

and argues that a finding of three strikes would impact his "federal right to an attorney"[3] and would prevent him from requesting release in the future if the opportunity arises. Filing No. 10 at 2. He also argues a finding of three strikes would violate his right to be free from incarceration, *Id*. at p. 3, and would violate his rights under federal disability law, *Id*. at p. 4. Lightfeather makes similar assertions in Filing No. 11 and asks that his IFP motion be approved "to have [his] voice heard as a disabled American" and because he does not have an attorney helping him even though "[t]he Sixth Amendment is supposed to protect American citizens like [himself]."[4] Filing No. 11 at 1. None of these assertions provide a legal basis to exclude Lightfeather from the three strikes provision of the PLRA.

In Filing No. 13, Lightfeather attempts to address the imminent danger exception of § 1915(g). Lightfeather lists some of his previous cases and summarily states that he alleged imminent threat of danger in several of them. Lightfeather also speculates that he is in danger because he is a Jewish person and has been the victim of past assaults. However, allegations of past danger would not qualify as a threat of imminent danger under the plain language of § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan."); *see also Gills v. Frakes*, No. 4:21CV3004, 2021 WL 1575767, at *1 (D. Neb. Apr. 22, 2021) (noting that speculation about the mere possibility of danger is insufficient for purposes of § 1915(g)). Moreover, the Complaint

---

[3] Contrary to Lightfeather's belief, "[t]here is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

[4] "[T]he Sixth Amendment applies only in 'criminal prosecutions'" and is inapplicable here. *United States v. O'Laughlin*, 934 F.3d 840 (8th Cir. 2019) (quoting U.S. Const., amend VI).

itself alleges no imminent threat of harm. Rather, Lightfeather's present Complaint alleges the defendants failed to provide Lightfeather with certain health records regarding his autism diagnosis as well as vital records with information on his daughter which Lightfeather seeks in order to include the records in several other cases filed in this Court. Filing No. 1 at 1-2.

In sum, the Court has considered Lightfeather's responses to the Order to Show Cause, the Complaint, and his other filings and finds his allegations do not support a finding that Lightfeather faces an imminent danger of serious physical injury. Lightfeather, therefore, is prohibited from proceeding IFP pursuant to 28 U.S.C. § 1915(g). Because Lightfeather has not paid the $402.00 filing and administrative fees and for lack of good cause shown, this matter is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Lightfeather's Motions for Leave to Proceed in Forma Pauperis, Filing No. 5; Filing No. 6; Filing No. 11, are denied.

2. This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

3. Any notice of appeal filed by Lightfeather must be accompanied by the $505.00 appellate filing fee because Lightfeather will not be allowed to proceed in forma pauperis on appeal.

Dated this 18th day of August, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge